# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHON MICHAEL HANKINS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-00887-TWP-DML |
| MICHAEL PAUSZEK Doctor, | ) |
| Defendant. | ) |

**Entry Dismissing Amended Complaint and Directing Entry of Final Judgment**

In this case, plaintiff Jonathon Michael Hankins alleges that defendant Dr. Michael Pauszek violated his constitutional rights. The claims against Dr. Pauszek were severed from case number 1:12-cv-683-TWP-DML. Mr. Hankins was directed to file an amended complaint so that the claims and the factual basis for those claims could be identified. Now before the Court is Mr. Hankins' amended complaint filed on July 29, 2014.

**I.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## II.

At the time relevant to the amended complaint, Mr. Hankins was incarcerated as a pretrial detainee at the Johnson County Jail ("Jail"). Dr. Pauszek practices medicine at the Johnson County Memorial Hospital. Dr. Pauszek's only interaction with Mr. Hankins was on May 16, 2010, June 1, 2010, and June 3, 2010, when Mr. Hankins was taken from the Jail to the Johnson County Memorial Hospital's emergency room for medical treatment. Mr. Hankins' complaint raises eight claims. For the reasons explained below, the federal claims are dismissed with prejudice and the state law claims are dismissed for lack of jurisdiction.

**A. Section 1983 Claims (Counts I, II and VII) are dismissed.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). As a preliminary matter there is no plausible basis to conclude that Dr. Pauszek was acting under color of state law such that he is subject to liability under § 1983. For example, the complaint provides no plausible factual basis to conclude the Dr. Pauszek was involved in Mr. Hankins' medical care for any reason other than that he worked as a physician at an emergency medical center that had a preexisting obligation to serve all persons who present themselves for emergency

treatment. There are no facts which suggest he "entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 827 (7th Cir. 2009). Rather, he simply provided a specific service, emergency medical care, to all who needed those services. "The fact that [he] does not, and cannot, discriminate against incarcerated individuals does not mean that [he] has agreed to step into the shoes of the state and assume the state's responsibility toward these persons." *Id.* at 828.

Second, there are no factual allegations that support a claim that the care Dr. Pauszek provided was constitutionally deficient or that Mr. Hankins was injured by that care. Mr. Hankins makes the conclusory allegation Dr. Pauszek denied Mr. Hankins adequate medical care based on Mr. Hankins' pending pre-trial charge of Child Molestation a Class C Felony and the assumption that he was a pedophile. But there are no factual allegations to support this claim. The amended complaint does not state what care was allegedly inadequately provided, instead the only injury alleged is that Dr. Pauszek did not continue to care for Mr. Hankins at the hospital but returned him to the Jail where he was placed in a psychiatric medical isolation cell. In other words, Mr. Hankins' theory of liability is that Dr. Pauszek was aware of the conditions of confinement Mr. Hankins faced as an inmate at the Jail and that he should have intervened to alleviate those conditions. Mr. Hankins, however, is mistaken in his belief that Dr. Pauszek can be found liable to him for the wrongs that others committed. *See also Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under [42 U.S.C.] § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

Similarly, Mr. Hankins states that Dr. Pauszek directed, participated in, consented to or approved of the unconstitutional conditions of confinement Mr. Hankins was subjected to at the Jail. But there is no basis for this assertion. There is no allegation that Mr. Hankins was physically or mentally abused, tortured or subjected to inhumane treatment in Dr. Pauszek's presence. Instead, the abuse allegedly occurred at the Jail. In addition, there is no plausible basis to conclude that Dr. Pauszek, an emergency room doctor, had any authority over custody staff at the Jail. In screening the amended complaint, the Court does not have to accept this baseless allegation. When screening the amended complaint the Court has, "not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing 28 U.S.C. § 1915(e)(2)(B)). The suggestion that Dr. Pauszek could have altered Mr. Hankins' housing conditions or the medical care provided by the Jail's medical providers is rejected as frivolous.

In summary, Mr. Hankins cannot state a claim pursuant to § 1983 against Dr. Pauszek because Dr. Pauszek is not a state actor, he did not violate Mr. Hankins' constitutional rights, and he cannot be held liable for the actions of others.

### B. Hate Crime, Title 18 U.S.C. § 249 (Count V)

Next, Mr. Hankins alleges that Dr. Pauszek's actions violated the Hate Crimes Act, 18 U.S.C. § 249. But the Hate Crimes Act, as a criminal statute, does not give rise to a private right of action. *Loos v. Oregan Dept. of Corrections,* 2012 WL 385385, *6 (D. Or. 2012) (collecting cases). Accordingly, this claim must be dismissed.

### C. State Law Claims (Counts III, IV, VI, VIII)

In addition to the federal claims discussed above, Mr. Hankins alleges general negligence (Count III), intentional infliction of emotional distress (Count IV), defamation (Count VII), and malpractice and negligence (Count VIII). This Court's jurisdiction over Mr. Hankins' pendent claims under Indiana law is conferred by 28 U.S.C. ' 1367(a). However, because the federal claims have been dismissed for the reasons set forth above, this Court has the discretion either to retain jurisdiction over the supplemental state law claims or to dismiss them. 28 U.S.C. ' 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998).

The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The general rule will be followed here, and application of this rule dictates that the pendent state law claims be dismissed for lack of jurisdiction.

### III.

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley,* 482 U.S. 78, 84 (1987)). No such claim is asserted here, and the complaint fails to survive the screening required by § 1915(e)(2). Because the deficiencies of the federal claims cannot be cured by amendment, the dismissal of the federal claims is with prejudice. Meanwhile, the state law claims are dismissed for lack of jurisdiction.

5

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/25/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JONATHON MICHAEL HANKINS
33 Lazy Acre Estates
Greencastle, IN 46135

All Electronically Registered Counsel